**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

MICHAEL COLLINS, *et al.,*

     *Plaintiffs*,

v.

MICHAEL ADAMS, in his
official capacity as the Secretary of State of
Kentucky;
*et al.*,

     *Defendants.*

Civil Action No. 3:20-cv-00375-CJS

## ANSWER OF MICHAEL ADAMS, IN HIS OFFICIAL CAPACITY AS THE SECRETARY OF STATE OF KENTUCKY

### INTRODUCTION

Defendant Michael Adams, in his official capacity as the Secretary of State of Kentucky (hereinafter "Secretary Adams"), by and through counsel, hereby files his Answer to the Complaint of Plaintiffs Michael Collins, Jeffrey Cosby, Thela Elliott, Gracie Lewis, DeJuan Nash, Tiffany Price, League of Women Voters of Kentucky (LWVKY), Louisville Urban League (LUL), and Kentucky Conference of NAACP Branches (collectively "Plaintiffs").

1.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and he therefore denies the same.

2.      Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and he therefore denies the same.

3.      With regard to the allegations set forth in paragraph 3 of the Complaint, Secretary Adams admits that Kentucky officials took steps to protect Kentuckians' right to vote safely in the June 23 primary election. Secretary Adams denies that Kentucky's voting laws are "extremely restrictive."[1] Secretary Adams also denies the allegation that Kentucky officials "declined to take similar steps to safeguard the November 3, 2020 election."[2]

4.      Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and he therefore denies the same.

5.      Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and he therefore denies the same.

6.      Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and he therefore denies the same.

7.      Secretary Adams denies the allegations set forth in the first sentence of paragraph 7 of the Complaint. Secretary Adams admits the allegations set forth in the second sentence of paragraph 7. Secretary Adams denies the allegation set forth in the third sentence of paragraph. The allegations set forth in the remainder of paragraph 7 call for legal

---

[1] Compl. ¶ 3.
[2] Ibid.

conclusions to which no response is required. To the extent a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

8.     Secretary Adams denies the allegations set forth in the first sentence of paragraph 8 of the Complaint. The allegations set forth in the remainder of paragraph 8 call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

9.     Secretary Adams denies the allegations set forth in paragraph 9 of the Complaint.

10.    The allegations set forth in paragraph 10 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Secretary Adams denies the allegations therein.

11.    Secretary Adams denies the allegations set forth in the first sentence of paragraph 11 of the Complaint. Secretary Adams admits the allegations set forth in the remainder in paragraph 11 of the Complaint.

12.    Secretary Adams denies the allegations set forth in paragraph 12 of the Complaint.

13.    The allegations set forth in paragraph 13 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it. .

14.    Secretary Adams denies the allegations set forth in paragraph 14 of the Complaint.

15.    Secretary Adams denies the allegations set forth in paragraph 15 of the Complaint.

16.    Secretary Adams denies the allegations set forth in the second sentence of paragraph 16 of the Complaint. As to the allegations set forth in the remainder of paragraph 16, Secretary

Adams admits only that Plaintiffs bring this action under the First and Fourteenth Amendments of the U.S. Constitution.

17. Secretary Adams denies the allegations set forth in paragraph 17 of the Complaint.

18. Secretary Adams denies the allegations contained in the first three sentences of paragraph 18 of the Complaint. Secretary Adams admits the allegations set forth in the last sentence of paragraph 18.

19. Secretary Adams denies the allegations set forth in paragraph 19 of the Complaint.

## JURISDICTION AND VENUE

20. With regard to the allegations set forth in paragraph 20 of the Complaint, Secretary Adams admits only that Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1988 and denies anything further.

21. The allegations set forth in paragraph 21 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Secretary Adams denies the allegations therein.

22. The allegations set forth in paragraph 22 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Secretary Adams denies the allegations therein.

23. The allegations set forth in paragraph 23 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Secretary Adams denies the allegations therein.

24. The allegations set forth in paragraph 24 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Secretary Adams denies the allegations therein.

25.     The allegations set forth in paragraph 25 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Secretary Adams denies the allegations therein.

## PARTIES

### I.     Plaintiffs

#### A.     Michael Collins

26.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint and therefore denies the same.

27.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint and therefore denies the same.

28.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint and therefore denies the same.

29.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint and therefore denies the same.

#### B.     Jeffrey Cosby

30.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint and therefore denies the same.

31.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint and therefore denies the same.

32.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and therefore denies the same.

33.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint and therefore denies the same.

34.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint and therefore denies the same.

C.     **Thela Elliott**

35.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint and therefore denies the same.

36.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint and therefore denies the same.

37.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint and therefore denies the same.

38.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint and therefore denies the same.

39.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint and therefore denies the same.

**D.   Gracie Lewis**

40.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint and therefore denies the same.

41.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint and therefore denies the same.

42.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint and therefore denies the same.

43.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint and therefore denies the same.

**E.   DeJuan Nash**

44.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint and therefore denies the same.

45.  Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint and therefore denies the same.

46.  Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint and therefore denies the same.

47.  Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint and therefore denies the same.

**F.    Tiffany Price**

48.  Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint and therefore denies the same.

49.  Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint and therefore denies the same.

50.  Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint and therefore denies the same.

51.  Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint and therefore denies the same.

52.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint and therefore denies the same.

### G.     League of Women Voters of Kentucky

53.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint and therefore denies the same.

54.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint and therefore denies the same.

55.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint and therefore denies the same.

56.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 56 of the Complaint and therefore denies the same. Secretary Adams denies the allegations set forth in the remainder of paragraph 56 of the Complaint.

57.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint and therefore denies the same.

58.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint and therefore denies the same.

59.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint and therefore denies the same.

60.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint and therefore denies the same.

61.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint and therefore denies the same.

    **H.      Louisville Urban League**

62.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint and therefore denies the same.

63.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint and therefore denies the same.

64.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint and therefore denies the same.

65.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint and therefore denies the same.

66.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint and therefore denies the same.

67.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint and therefore denies the same.

68.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint and therefore denies the same.

**I.    The Kentucky Conference of NAACP Branches**

69.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint and therefore denies the same.

70.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint and therefore denies the same.

71.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the first three sentences of paragraph 71 of the Complaint and therefore denies the same.

72.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint and therefore denies the same.

73.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint and therefore denies the same.

74.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint and therefore denies the same.

75.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint and therefore denies the same.

76.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint and therefore denies the same.

## II.   Defendants

### A.  Secretary of State Michael Adams

77.   Secretary Adams admits the allegations set forth in paragraph 77 of the Complaint.

78.   Secretary Adams admits the allegations set forth in paragraph 78 of the Complaint.

79.   The allegations set forth in paragraph 79 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

80.   The allegations set forth in paragraph 80 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

81.     The allegations set forth in paragraph 81 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

**B. Governor Andrew Beshear**

82.     Secretary Adams admits the allegations set forth in paragraph 82 of the Complaint.

83.     The allegations set forth in paragraph 83 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

84.     The allegations set forth in paragraph 84 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

85.     The allegations set forth in paragraph 85 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

**C. Chairman Albert Benjamin Chandler, III**

86.     Secretary Adams admits the allegations set forth in paragraph 86 of the Complaint.

87.     The allegations set forth in paragraph 87 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

88.     The allegations set forth in paragraph 88 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

89.     The allegations set forth in paragraph 89 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

## FACTUAL ALLEGATIONS

### A. Public Health Impact of COVID-19

90.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint and therefore denies the same.

91.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint and therefore denies the same.

92.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint and therefore denies the same.

93.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint and therefore denies the same.

94.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint and therefore denies the same.

95.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint and therefore denies the same.

96.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint and therefore denies the same.

97.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint and therefore denies the same.

98.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint and therefore denies the same.

99.     Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint and therefore denies the same.

100.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint and therefore denies the same.

101.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint and therefore denies the same.

**B. COVID-19 in Kentucky**

102.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 102 of the Complaint and therefore denies the same.

103.   Any of Governor Beshear's executive orders or statements speak for themselves and no response to the allegations of paragraph 103 of the Complaint is required. To the extent a response is required for the allegations in paragraph 103, Secretary Adams denies the same.

104.   Secretary Adams denies the allegations set forth in the first sentence of paragraph 104 of the Complaint. Secretary Adams admits the allegations set forth in the remainder of paragraph 104.

105.   Any of Governor Beshear's executive orders or statements speak for themselves and no response is required to the allegations of paragraph 105 of the Complaint. To the extent a response is required for the allegations set forth in paragraph 105, Secretary Adams denies the same.

106.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 106 of the Complaint and therefore denies the same.

107.   Secretary Adams admits the allegations set forth in the first and second sentences of paragraph 107 of the Complaint. Secretary Adams denies the allegations set forth in the last sentence of paragraph 107.

108.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 108 of the Complaint and therefore denies the same.

109.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 109 of the Complaint and therefore denies the same.

110.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 110 of the Complaint and therefore denies the same.

111.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 111 of the Complaint and therefore denies the same.

**C. Health Risks of In-Person Voting During a Pandemic**

112.   Secretary Adams denies the allegations set forth in paragraph 112 of the Complaint.

113.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 113 of the Complaint and therefore denies the same.

114.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 114 of the Complaint and therefore denies the same.

115.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 115 of the Complaint and therefore denies the same.

116.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 116 of the Complaint and therefore denies the same.

117.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 117 of the Complaint and therefore denies the same.

118.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 118 of the Complaint and therefore denies the same.

119.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 119 of the Complaint and therefore denies the same.

120.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 120 of the Complaint and therefore denies the same.

121.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 121 of the Complaint and therefore denies the same.

### i.     Voters with Underlying Medical Conditions

122.    Secretary Adams denies the allegations set forth in paragraph 122 of the Complaint.

123.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 123 of the Complaint and therefore denies the same.

124.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 124 of the Complaint and therefore denies the same.

125.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 125 of the Complaint and therefore denies the same.

126.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 126 of the Complaint and therefore denies the same.

127.   Secretary Adams denies the allegations set forth in paragraph 127 of the Complaint.

**ii.     Black Voters**

128.   Secretary Adams denies the allegations set forth in paragraph 128 of the Complaint.

129.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 129 of the Complaint, and he therefore denies the same.

130.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 130 of the Complaint and therefore denies the same.

131.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 131 of the Complaint and therefore denies the same.

132.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 132 of the Complaint and therefore denies the same.

133.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 133 of the Complaint and therefore denies the same.

134. Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 134 of the Complaint and therefore denies the same.

135. Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 135 of the Complaint and therefore denies the same.

136. Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 136 of the Complaint and therefore denies the same.

137. Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 137 of the Complaint and therefore denies the same.

138. Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 138 of the Complaint and therefore denies the same.

### iii. Older Voters

139. Secretary Adams denies the allegations set forth in paragraph 139 of the Complaint.

140. The allegations in the remainder of paragraph 140 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

141.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 141 of the Complaint and therefore denies the same.

142.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 142 of the Complaint and therefore denies the same.

143.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 143 of the Complaint and therefore denies the same.

144.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 144 of the Complaint and therefore denies the same.

145.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 145 of the Complaint and therefore denies the same.

146.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 146 of the Complaint and therefore denies the same.

147.   Secretary Adams denies the allegations set forth in paragraph 147 of the Complaint.

**iv.    Voters with Disabilities**

148.   Secretary Adams denies the allegations set forth in paragraph 148 of the Complaint.

149.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 149 of the Complaint and therefore denies the same.

150.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 150 of the Complaint and therefore denies the same.

151.   Secretary Adams admits the allegations set forth in the first sentence of paragraph 151 of the Complaint. Secretary Adams denies the allegations set forth in the remainder of paragraph 151.

152.   Secretary Adams denies the allegations set forth in paragraph 152 of the Complaint.

153.   Secretary Adams denies the allegations set forth in paragraph 153 of the Complaint.

## II.   Kentucky's Current Election Laws Unduly and Unreasonably Burden the Voting Rights of Kentuckians.

### A.   Kentucky Election Law

#### i.   Excuse requirement to Vote by Mail-In Absentee Ballot

154.   The allegations in paragraph 154 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

155.   The allegations in paragraph 155 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

156.   Secretary Adams denies the allegations set forth in paragraph 156 of the Complaint.

157.   The allegations in paragraph 157 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

158.   The allegations in paragraph 158 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

> ii.   **Photo ID Law**

159.   The allegations in paragraph 159 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it.

160.   The allegations in paragraph 160 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it.

161.   The allegations in paragraph 161 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it.

162.   The allegations in paragraph 162 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it.

163.   The allegations in paragraph 163 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it.

164.   The allegations in paragraph 164 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it.

165.   The allegations in paragraph 165 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it.

166.   The allegations in paragraph 166 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it.

167.   The allegations in paragraph 167 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it.

168.   The allegations in paragraph 168 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it.

### iii.    Modification for Primary Election

169.   Secretary Adams denies the allegation set forth in the first sentence of paragraph 169 of the Complaint that Kentucky officials "enacted" modifications for the June 23 primary election. The allegations set forth in the remainder of paragraph 169 call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

170. The allegations set forth in paragraph 170 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

171. The allegations set forth in paragraph 171 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required Kentucky law speaks for itself, and Secretary Adams denies any allegations inconsistent with it.

172. The allegations set forth in paragraph 172 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

173. The allegations set forth in paragraph 173 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

174. The allegations set forth in paragraph 174 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

175. The allegations set forth in paragraph 175 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

176. The allegations set forth in paragraph 176 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

177.   The allegations set forth in paragraph 177 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

**B.     Unreasonable Burden Imposed by the Excuse Requirement**

178.   The allegations set forth in the first two sentences of paragraph 178 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it. Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the other allegations set forth in paragraph 178 and therefore denies the same.

179.   Secretary Adams admits the allegations set forth in paragraph 179 of the Complaint.

180.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 180 of the Complaint and therefore denies the same.

181.   The allegations in paragraph 181 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

182.   The allegations in paragraph 182 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

183.   The allegations in paragraph 183 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

184.   Secretary Adams denies the allegations set forth in paragraph 184 of the Complaint insofar as Defendants have not made any construction of "illness" or "medical emergency," one way or the other for purposes of the November 3, 2020 election.

185.   Secretary Adams denies the allegations set forth in paragraph 185 of the Complaint.

186.   The allegations in paragraph 186 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, the laws of Kentucky and other states speak for themselves and Secretary Adams denies any allegations inconsistent with them.

187.   Secretary Adams denies the allegations set forth in paragraph 187 of the Complaint.

188.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 188 of the Complaint and therefore denies the same.

189.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 189 of the Complaint and therefore denies the same.

190.   Secretary Adams denies the allegations set forth in paragraph 190 of the Complaint.

191.   Secretary Adams denies the allegations set forth in paragraph 191 of the Complaint.

192.   Secretary Adams denies the allegations set forth in paragraph 192 of the Complaint.

193.   The allegations in paragraph 193 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

**C.    Unreasonable Burden Imposed by Photo ID Law**

   **i.    S.B. 2 Constructively Denies Many Kentuckians the Right to Vote.**

27

194.  The allegations in paragraph 194 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it.

195.  The allegations in the first sentence of paragraph 195 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Crawford v. Marion Cty. Election Board speaks for itself and Secretary Adams denies any allegations inconsistent with it. Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 195 and therefore denies the same.

196.  The allegations set forth in the first sentence of paragraph 196 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it. Secretary Adams denies the allegations set forth in the last sentence of paragraph 196 of the Complaint.

197.  Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 197 of the Complaint and therefore denies the same.

198.  Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 198 of the Complaint and therefore denies the same.

199.  Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 199 of the Complaint and therefore denies the same.

200.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 200 of the Complaint and therefore denies the same.

201.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 201 of the Complaint and therefore denies the same.

202.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 202 of the Complaint and therefore denies the same.

203.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 203 of the Complaint and therefore denies the same.

204.   Secretary Adams denies the allegations set forth in the first sentence of paragraph 204 of the Complaint. Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the third sentence of paragraph 203 and therefore denies the same. The allegations set forth in the remainder of paragraph 204 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself and Secretary Adams denies any allegations inconsistent with it.

205.   The allegations in paragraph 205 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

206.   Secretary Adams denies the allegations set forth in paragraph 206 of the Complaint.

207.   Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 207 of the Complaint. Secretary Adams denies any allegations set forth in the remainder of paragraph 207.

208.   The allegations in the first sentence of paragraph 208 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it. Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the remainder of paragraph 208 of the Complaint and therefore denies the same.

209.   The allegations in paragraph 209 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

210.   Secretary Adams denies the allegations set forth in the first sentence of paragraph 210 of the Complaint. Secretary Adams denies the characterization of his remarks and views in the remaining allegations set forth in paragraph 210.

211.   The allegations set forth in paragraph 211 of the Complaint call for legal conclusions, so Secretary Adams is not required to respond, but to the extent that a response is required, he denies the allegations contained therein.

212.   The allegations in paragraph 212 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

213.    The allegations in paragraph 213 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

214.    The allegations in paragraph 214 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself and Secretary Adams denies any allegations inconsistent with it.

## CLAIMS FOR RELIEF

### Count 1

215.    No response is required for the allegations set forth in paragraph 215 of the Complaint.

216.    The allegations set forth in paragraph 216 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky and federal law speak for themselves, and Secretary Adams denies any allegations inconsistent with them.

217.    The allegations set forth in paragraph 217 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself, and Secretary Adams denies any allegations inconsistent with it.

218.    The allegations set forth in paragraph 218 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky and federal law speak for themselves, and Secretary Adams denies any allegations inconsistent with them.

219.    Secretary Adams is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 219 of the Complaint.

220.    The allegations set forth in paragraph 220 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky law speaks for itself, and Secretary Adams denies any allegations inconsistent with it.

221.    The allegations in paragraph 221 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, Kentucky and federal law speak for themselves and Secretary Adams denies any allegations inconsistent with them.

222.    The allegations set forth in paragraph 222 of the Complaint call for legal conclusions to which no response is required.

223.    The allegations set forth in paragraph 223 of the Complaint call for legal conclusions to which no response is required.

224.    The allegations set forth in paragraph 224 of the Complaint call for legal conclusions to which no response is required.

## Count 2

225.    No response is required for the allegations set forth in paragraph 225 of the Complaint.

226.    The allegations set forth in paragraph 226 of the Complaint call for legal conclusions to which no response is required.

227.    The allegations set forth in paragraph 227 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself, and Secretary Adams denies any allegations inconsistent with it.

228.    The allegations set forth in paragraph 228 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself, and Secretary Adams denies any allegations inconsistent with it.

229.    The allegations set forth in paragraph 229 of the Complaint call for legal conclusions to which no response is required.

230.    The allegations set forth in paragraph 230 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself, and Secretary Adams denies any allegations inconsistent with it.

231.    The allegations set forth in paragraph 231 of the Complaint call for legal conclusions to which no response is required.

232.    The allegations set forth in paragraph 232 of the Complaint call for legal conclusions to which no response is required.

233.    The allegations set forth in paragraph 233 of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, S.B. 2 speaks for itself, and Secretary Adams denies any allegations inconsistent with it.

234.    Secretary Adams denies the allegations set forth in paragraph 234 of the Complaint.

235.    Secretary Adams denies the allegations set forth in paragraph 235 of the Complaint.

## AFFIRMATIVE DEFENSES

236.    All allegations in the Complaint that are not expressly admitted are denied.

237.    The Complaint fails to state a claim for which relief can be granted.

238.    The issues brought forth by Plaintiffs constitute political questions and are therefore nonjusticiable because the Judicial power of the United States does not extend to political questions.

239.    Plaintiffs failed to join parties that are necessary and indispensable to the resolution of this suit, and are therefore in violation of Federal Rule of Civil Procedure 19.

240.    Plaintiffs' Complaint seeks relief that would violate federal and state law.

241.   Plaintiffs lack standing to assert the claims contained in the Complaint and consequently the Court lacks jurisdiction to grant the relief they seek;

242.   Secretary Adams reserves the right to amend his Answer and to assert additional affirmative defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, Defendant Michael Adams hereby respectfully requests that the Court enter judgment in his favor and the following relief, that:

1.   The court declare that the Kentucky Secretary of State may make recommendations regarding elections during a state of emergency at his sole discretion pursuant to his powers under the Kentucky Constitution and Kentucky Revised Statutes;

2.   The Complaint be dismissed and held for naught;

3.   Secretary Adams recover his costs, expenses, and reasonable attorney fees incurred herein; and

4.   Secretary Adams receive any and all other relief to which he may be entitled.


Respectfully Submitted,


*/s/ Michael R. Wilson*
Michael G. Adams (sos.secretary@ky.gov)
Michael R. Wilson (michael.wilson@ky.gov)
Office of the Secretary of State
700 Capital Avenue
State Capitol, Suite 152
Frankfort, KY 40601
(502) 782-7422
*Counsel for Michael Adams, in his official*
*capacity as the Secretary of State of Kentucky*

## **CERTIFICATE OF SERVICE**

It is hereby certified by undersigned counsel that the foregoing was filed on this 29th day of June, 2020 through the federal Case Management Electronic Case Filing (CM/ECF) system, which will generate a notice of electronic filing (NEF) to all users who have registered in this action; and a true and correct copy was hand-delivered to the following:


Hon. Andrew Beshear
In his official capacity as the Governor of Kentucky
Office of the Governor
700 Capital Avenue, Suite 100
Frankfort, KY 40601

*/s/ Michael R. Wilson*