UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically filed*

| | |
|---|---|
| MICHAEL COLLINS, *et al.* | |
| *Plaintiffs* | |
| v. | Judge Charles R. Simpson |
| MICHAEL ADAMS, in his official capacity as the Secretary of State of Kentucky, *et al.* | Civil Action No. 3:20-cv-00375-CRS |
| *Defendants* | |
| and | |
| COMMONWEALTH OF KENTUCKY, ex rel. Attorney General Daniel Cameron | |
| *Intervening Defendant* | |

**ATTORNEY GENERAL DANIEL CAMERON'S
INTERVENING ANSWER TO PLAINTIFFS' COMPLAINT
ON BEHALF OF THE COMMONWEALTH OF KENTUCKY**

The Intervening Defendant, Commonwealth of Kentucky, *ex rel.* Attorney General Daniel Cameron (the "Commonwealth"), answers the Plaintiffs' Complaint [DN 1] as follows:

**FIRST DEFENSE**

1. The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

1

## SECOND DEFENSE

2. The Commonwealth is without sufficient information to admit or deny the allegations set forth in paragraphs 1 through 10, 12, 14, 16, 18, 19, 20, 23, 24, 26 through 76,, 90 through 102, 106, 108 through 139, 141 through 153, 156, 168, 180, 184, 186 through 193, 195, 197 through 203, 206, 207, 208, 211, 213, 216, and 226 of the Plaintiffs' Complaint, and therefore denies those allegations.

3. In response to paragraphs 7, 11, and 169 through 177 of the Plaintiffs' Complaint, the Commonwealth states that the text of 31 KAR 4:190E speaks for itself, and it denies any interpretation or construction of the regulation at variance with the text. The Commonwealth is without sufficient information to admit or deny the remainder of the allegations set forth in paragraphs 7, 11, and 169 through 177 of the Plaintiffs' Complaint, and therefore denies those allegations.

4. In response to paragraphs 13, 159 through 167, 196, 204, 205, and 212 of the Plaintiffs' Complaint, the Commonwealth states that the text of Senate Bill 2 speaks for itself, and it denies any interpretation or construction of the statute at variance with the text. The Commonwealth is without sufficient information to admit or deny the remainder of the allegations set forth in paragraphs 13, 159 through 167, 196, 204, 205, and 212 of the Plaintiffs' Complaint, and therefore denies those allegations.

5. The Commonwealth denies the allegations set forth in paragraphs 15, 17, 185, 194, 209, 210, 214, 217, 218 through 224, 227 through 234, and 235 of the Plaintiffs' Complaint.

6. In response to paragraphs 21, 22, and 25 of the Plaintiffs' Complaint, the Commonwealth admits that this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and that venue is proper in this judicial district. The Commonwealth specifically denies that the laws at issue deny or impair any constitutional rights of the Plaintiffs. The Commonwealth is without sufficient information to admit or deny the remainder of the allegations set forth in paragraphs 21, 22, and 25 of the Plaintiffs' Complaint, and therefore denies those allegations.

7. The Commonwealth admits the allegations set forth in paragraphs 77, 78, 82, 86, and 179 of the Plaintiffs' Complaint.

8. In response to paragraphs 79, 80, 81, 83, 84, 85, 88, 89, and 104 of the Plaintiffs' Complaint, the Commonwealth states that the text of House Bill 351 speaks for itself, and it denies any interpretation or construction of the statute at variance with the text. The Commonwealth is without sufficient information to admit or deny the remainder of the allegations set forth in paragraphs 79, 80, 81, 83, 84, 85, 88, 89, and 104 of the Plaintiffs' Complaint, and therefore denies those allegations.

9. In response to paragraph 87 of the Plaintiffs' Complaint, the Commonwealth states that the text of Ky. Rev. Stat. 117.015 speaks for itself, and it denies any interpretation or construction of the statute at variance with the text. The Commonwealth is without sufficient information to admit or deny the remainder of the allegations set forth in paragraph 87 of the Plaintiffs' Complaint, and therefore denies those allegations.

10. In response to paragraphs 103, 105, and 107 of the Plaintiffs' Complaint, the Commonwealth states that the Governor's executive orders speak for themselves, and it denies any interpretation or construction of the executive orders at variance with their text. The Commonwealth is without sufficient information to admit or deny the remainder of the allegations set forth in paragraphs 103, 105, and 107 of the Plaintiffs' Complaint, and therefore denies those allegations.

11. In response to paragraphs 140, 154, 157, 158, 178, 181, and 182 of the Plaintiffs' Complaint, the Commonwealth states that the text of Ky. Rev. Stat. 117.085 speaks for itself, and it denies any interpretation or construction of the statute at variance with the text. The Commonwealth is without sufficient information to admit or deny the remainder of the allegations set forth in paragraphs 140, 154, 157, 158, 178, 181, and 182 of the Plaintiffs' Complaint, and therefore denies those allegations.

12. In response to paragraphs 155 and 183 of the Plaintiffs' Complaint, the Commonwealth states that the text of Ky. Rev. Stat. 117.077 speaks for itself, and it denies any interpretation or construction of the statute at variance with the text. The Commonwealth is without sufficient information to admit or deny the remainder of the allegations set forth in paragraph 155 and 183 of the Plaintiffs' Complaint, and therefore denies those allegations.

13. In response to paragraphs 215 and 225 of the Plaintiffs' Complaint, the Commonwealth incorporates herein by reference the preceding denials, admissions, and averments as if set forth herein in their entirety.

14. The Commonwealth denies any allegations set forth in the Plaintiffs' Complaint not specifically admitted above.

### THIRD DEFENSE

15. The Plaintiffs' claims are barred in whole or in part by the First, Tenth, and Fourteenth Amendments to the United States Constitution.

### FOURTH DEFENSE

16. The Plaintiffs' claims are barred in whole or in part by 42 U.S.C. § 1983.

### FIFTH DEFENSE

17. The Plaintiffs' claims are barred in whole or in part by Sections 6 and 147 of the Kentucky Constitution.

### SIXTH DEFENSE

18. Plaintiffs failed to join parties that are necessary and indispensable to the resolution of this suit.

### SEVENTH DEFENSE

19. The Complaint raises nonjusticiable political questions.

### EIGHTH DEFENSE

20. Plaintiffs lack standing to assert the claims contained in the Complaint and consequently the Court lacks jurisdiction to grant the relief they seek;

### NINTH DEFENSE

21. The Commonwealth reserves the right to amend this answer or assert other defenses as the case progresses.

**WHEREFORE**, the Commonwealth prays and demands as follows:

1. That the Plaintiffs' Complaint be dismissed with prejudice;

2. For its costs herein expended; and

3. For any and all other relief to which it may appear entitled.

Respectfully submitted,

**Daniel Cameron**
**ATTORNEY GENERAL**

/s/ Aaron J. Silletto
Victor B. Maddox
Carmine G. Iaccarino
Aaron J. Silletto
Brett R. Nolan
Marc Manley
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Victor.Maddox@ky.gov
Carmine.Iaccarino@ky.gov
Aaron.Silletto@ky.gov
Brett.Nolan@ky.gov
Marc.Manley@ky.gov

*Counsel for Intervening Defendant,*
*Commonwealth of Kentucky ex rel.*
*Attorney General Daniel Cameron*
